## Byer's Estate.

*Speiser & Speiser* and *Jacob Weinstein,* for exceptions.

*A. L. Shapiro* and *Samuel J. Gottesfeld,* contra.

LAMORELLE, P. J., Oct. 30, 1930. — At the audit of the account Samuel Archess claimed the entire balance for distribution by reason of an alleged *donatio causa mortis* of all the securities included in the inventory and appraisement and in the account.

The testimony produced by the claimant shows that the decedent, two days prior to her death, had a heart attack while on the street; that immediately thereafter she was taken to the home of the claimant and later was removed to a hospital; that while she was in the home of the claimant she took out of her trunk an envelope and handed it to the claimant, saying, "If I don't come back this will be yours," and "Mr. Archess, you will take care of that, and in case I die it will be for you;" and that the envelope contained papers. There was no testimony to show what the papers were.

After these facts were shown there was an offer to put the claimant on the stand, provided his competency was waived. Counsel for those opposed to the claim objected; the objection was sustained and an exception granted. After the witnesses *contra* were heard, there was no offer to contradict by the claimant any statement made by said witnesses as to what occurred when both they and the claimant were present.

The Auditing Judge found as a fact that there was no proof that the securities included in the inventory and appraisement and in the account were in the envelope handed to the claimant, and we think his finding is correct.

The Auditing Judge also found as a fact that said securities constituted the entire personal estate of the decedent. It is contended by the claimant that the decedent, in addition to these securities, was the owner of a trunk and a bath robe. These two articles were not brought into the inventory and appraisement nor into the account. The evidence to prove ownership is the testimony of one of the witnesses that the decedent, after she came out of the bathroom, put on a bath robe and went to the trunk. A finding of fact by the Auditing Judge will not be set aside except upon proof of manifest error, and we are of opinion that no such error has been shown.

The Auditing Judge also found as a matter of law that there cannot be a gift *mortis causa* of all the personal property of the donor. Headley *v.* Kirby, 18 Pa. 326, so holds, and the principle of *stare decisis* is applicable. See, also, Albright *v.* Lenhart, 2 D. & C. 21.

With respect to the competency of the witness, counsel for the claimant relies upon clause (e) of section 5 of the Act of May 23, 1887, P. L. 158. It provides that all persons shall be competent witnesses where there is a controversy as to the devolution of property on the death of the owner. The devolution provided for, however, is one that takes place at the death of the decedent. We are of opinion that the Auditing Judge rightly held that the claimant was not a competent witness to prove his claim: Wright *v.* Hanna, 210 Pa. 349; especially in view of the fact that he was offered as a witness prior to the production of any testimony by the next of kin: Greensburg Building and Loan Ass'n *v.* Bates, 19 Dist. R. 224; Krumrine *v.* Grenoble, 165 Pa. 98.

Counsel for the claimant has also filed an exception to the allowance of counsel fee of $1667.79. As the claimant failed to show a gift of any portion of the estate, or that he is entitled under the intestate law, he is without standing to object.

Accordingly, all exceptions are dismissed and the adjudication is confirmed absolutely.