Bills, Admrx., *v.* Zitterbart, Appellant.
Appellant.

208

Argued September 27, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Carroll Caruthers,* for Zitterbart, appellant.

*Robert W. Smith,* with him *John S. Lightcap* and *Smith, Best & Horn,* for Bills, Admrx., appellee.

OPINION BY MR. JUSTICE DREW, November 14, 1949:

On November 27, 1945, at about 4:30 P.M. a collision occurred between an automobile and a truck on Pennsylvania State Highway No. 259 in Westmoreland County resulting in the death of Lloyd Bills, the driver of the automobile. That collision gave rise to the cross actions with which we are here concerned between Henry

Zitterbart, driver and owner of the truck, and Viola Bills, Administratrix of the estate of Lloyd Bills. The two actions were tried together and resulted in a verdict for Viola Bills in the sum of $7,486.50 in the suit in which she was plaintiff, and a verdict against Zitterbart in the suit in which he was plaintiff. After motions for judgment n. o. v. and new trial were denied, judgments were entered on the verdicts and Zitterbart brought these appeals.

At the place of the accident, Route 259 is a macadam road, fifteen feet wide, running north and south and ascending sharply to the north. On each side of the road is a berm approximately three feet wide. Bills was driving his automobile in a northerly direction upgrade, while Zitterbart was driving his truck south down the hill and around a curve to his left. Just after rounding that curve, his truck came in contact with Bills' automobile completely demolishing the left side of it and killing Bills almost instantly. Each vehicle careened off its own right side of the road. The automobile came to rest with its left wheels in a ditch and its right wheels against a bank. The truck ran 108 feet further down the road and plunged over a steep embankment. These facts were undisputed. In addition, five witnesses for appellee testified that the tracks of Bills' car were visible in the berm on his right for a distance of 115 feet to the rear of where his car stopped.

In support of his motion for judgment n. o. v., appellant contends that appellee proved nothing more than that an accident occurred. It is unquestionably true that the mere happening of an accident does not prove that one of the parties was negligent: *Martin v. Marateck,* 345 Pa. 103, 27 A. 2d 42; *Pfendler v. Speer,* 323 Pa. 443, 185 A. 618; *Beyrent v. Kaplan,* 315 Pa. 353, 172 A. 651. However, it is equally true, as we said in *Turek v. Pennsylvania R. R. Co.,* 361 Pa. 512, 518, 64 A. 2d .779: "Negligence may be inferred from the circumstances

attending an accident: Scholl v. Phila. Sub. Transp. Co., 356 Pa. 217, 51 A. 2d 732. In Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, 504, 32 A. 44, we stated the rule as follows: 'When the thing which causes the injury is shown to be under the management of the defendants . and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from a want of care.' See also Durning v. Hyman, 286 Pa. 376, 379, 133 A. 568; Knox v. Simmerman, 301 Pa. 1, 4, 151 A. 678; and Randolph v. Campbell, 360 Pa. 453, 459."

From the undisputed facts it is obvious that the accident would not have happened if each vehicle had been on its proper side of the road. The road was amply wide enough for truck and car to pass. In fact, at the trial both parties proceeded solely on the theory that the other had crossed the center line. Appellee's evidence, which we must accept in considering the motion for judgment n. o. v., shows that the vehicles came to rest 108 feet apart. From that, it is reasonable to infer that the accident occurred somewhere within that distance. Appellee further showed that the right wheel tracks from Bills' car were visible in the berm for a distance of 115 feet indicating that he was as far over on his own side of the road as was possible for him to be immediately prior to the accident. In view of this evidence appellant must have been driving well on his left of the center line. Since there is nothing in the record to explain appellant's presence on the wrong side of the road, appellee met the burden of proving her case by circumstantial evidence.

It is true that Royal Ferry, who was riding in appellant's truck and was the only eye-witness to the happening, testified that Bills had crossed the center line of the road. This was a contradiction of the circumstantial

evidence produced by appellee. But this contradictory testimony was entirely for the jury. Merely because Ferry saw the accident does not compel the jury to accept his testimony rather than that of witnesses testifying to conditions existing after the accident. The credibility of witnesses is always for the jury.

Appellant urges that the trial judge erred in treating appellee's suit as a survival action under the Act of July 2, 1937, P. L. 2755, instead of as a wrongful death action under the Act of April 15, 1851, P. L. 669, §19, and as a consequence applied the wrong measure of damages. While the Complaint, as counsel for appellee readily concedes, is not artistically drawn, it contains all of the elements necessary for a survival action. The names of all persons entitled to recover are not included as required in a wrongful death action under Rule 2204 of the Rules of Civil Procedure. Damages for the destruction of the automobile were claimed in the Complaint, an item recoverable only in a survival action, and evidence was admitted on that subject without objection. That appellant fully understood the nature of the action is made crystal clear by two statements of his own counsel during the course of the trial in which he said categorically that it was an action under the Survival Act of 1937. Having been fully aware of the cause of action set forth in the Complaint, and making no objections either before or during the trial, he may not now be heard to complain that he was misled by the manner in which the Complaint was drawn.

Appellant also questions the ruling of the trial judge which declared him incompetent under the "dead man's rule" [1] to testify to events occurring prior to the death of Bills. It is appellant's contention that if this is a wrongful death action he was fully competent, and in the alternative, if it was a survival action he was rendered

---

[1] Act of May 23, 1887, P. L. 158.

competent under the Act of June 11, 1891, P. L. 287 [2] when one Mrs. Woods testified for appellee that she "heard the noise of this truck coming fast down this hill". Since this is a survival action we need here consider only the latter half of this argument. For this Court to determine the competency of a witness under the Act of 1891, the record must contain an offer of testimony showing what was proposed to be proved by the witness whose competency was questioned: *Krumrine v. Grenoble,* 165 Pa. 98, 30 A. 824. In the instant case, no such offer was made. In fact, nowhere in the record does it appear that the Act of 1891 was mentioned during the trial. Furthermore, Mrs. Woods' testimony would at most have rendered appellant competent to testify only that he was not going fast or that the truck was not making a noise. Such relative terms are of no legal significance and could have been excluded as irrelevant.

Appellant's last objection is to the refusal of certain points for charge by the trial judge, and the qualification of others. We have read the charge thoroughly and are convinced that it fully sets forth the law governing this case. Those points which were qualified were properly qualified to prevent the jury from being misled and those which were rejected were not applicable under the evidence produced.

A careful study of the entire record reveals that the verdicts of the jury were justified by the evidence and that judgments were properly entered on those verdicts.

Judgments affirmed.

---

[2] Section 1 of that Act provides, inter alia: "Although a party . . . may be dead . . . nevertheless any surviving or remaining party . . . whose interest is adverse . . . shall be a competent witness to any relevant matter, although it may have occurred before the death of said party . . . if and only if such relevant matter occurred between himself and another person who . . . does so testify upon the trial, against such surviving or remaining party . . . or if such relevant matter occurred in the presence or hearing of such other living or competent person."