365 Pa. 102 (1950)
Deli et ux., Admrs.,
v.
Chadderton et al., Appellants, et al.
Supreme Court of Pennsylvania.
Argued May 24, 1950.
June 26, 1950.
Before DREW, C.J., STERN, STEARNE, JONES and BELL, JJ.
*103 William D. Cobau, with him Cobau & Berry, for appellants.
Edwin K. Logan and Elmer D. O'Neill, with them John S. Powers and Chambers, Chambers & O'Neill, for plaintiffs, appellees.
OPINION BY MR. CHIEF JUSTICE DREW, June 26, 1950:
Louis B. Deli was killed while riding as a passenger in an automobile driven by Frank Zona, deceased, when it collided with a tractor-trailer combination on State Highway Route 18 in Lawrence County. Administrators of Deli's estate brought this wrongful death action and survival action against Edward W. Chadderton, owner of the trailer, and Joseph Macri, owner of the tractor and driver of the combination as agent for Chadderton. These defendants brought in as an additional defendant the administrator of the estate of Zona. The jury returned verdicts in favor of plaintiffs against the original defendants and verdicts for the additional defendant. Defendants' motions for new trial being denied and judgment being entered on the verdicts, they now appeal.
At approximately 10:30 on the night of July 2, 1948, a clear but dark night, Zona was driving north on Route 18 at a speed of 30 miles an hour accompanied by Deli and one Sansone. At the location here involved Route 18 is a straight, concrete highway twenty-two feet wide with hard-packed dirt berms at least ten feet wide on either side of the cartway. Macri was driving the tractor-trailer south on that highway at an admitted speed of 45 to 50 miles an hour although the speed limit for that type of vehicle was 30 miles an hour. As the automobile *104 and truck were about to pass each other, the left front of the truck struck the left side of the automobile pushing it back approximately fifty feet and onto the berm on its right side of the road. That collision resulted in the death of both Deli and Zona.
The evidence as to how the accident happened is in conflict and must briefly be reviewed here. The testimony upon which both plaintiffs and the additional defendant rely is that Zona, driving north, moved to his left to pass a horse drawn wagon also proceeding in a northerly direction but that upon seeing the approaching truck he moved back to his right side of the road behind the wagon and was struck while well over in the northbound lane of travel. Defendants' evidence, on the other hand, indicates that Zona crossed the center line into the southbound lane of the highway and continued in that lane until the truck was only a few feet away when he suddenly swerved to his right and was struck in the side by the truck. Defendant Macri further stated that he blinked his lights, blew his horn, and applied his brakes in an unsuccessful effort to avoid the collision.
The learned trial judge charged that defendants could be held liable on any one of three theories. First, that defendant Macri was driving on the wrong side of the highway; second, that by exceeding the statutory speed limit he was guilty of negligence which the jury might find was the proximate cause of the accident; and third, that defendant Macri in failing to pull over on to the berm to avoid the oncoming car did not exercise the prudence of a reasonable man under the circumstances. Defendants concede the validity of the first theory but strongly urge that the submission of the latter two theories to the jury was contrary to our law and that, therefore, a new trial should be granted.
It is a rule of universal application that evidence and the inferences logically deducible therefrom must always be considered in light of the jury's verdict: Fisher v. Hill, *105 362 Pa. 286, 66 A. 2d 275. When the evidence in this case is so considered these errors are harmless.
The type of accident with which we are here concerned could not have happened had each vehicle been on its proper side of the road: Bills v. Zitterbart, 363 Pa. 207, 69 A. 2d 78. If Zona was on his own side of the road at the time of the accident, then Macri was driving on the wrong side which admittedly would be a valid ground for holding defendants liable. If, on the other hand, Zona was driving on the wrong side of the road, then Macri was in his proper lane. Only under the latter circumstances would the question of Macri's speed or his failure to drive on the berm become relevant to the inquiry. Since the trial judge correctly charged that if Zona was on the wrong side of the road the additional defendant was liable, the jury's verdict in favor of the additional defendant must be read to mean that they found that Zona was on his own side of the road. That being true it is obvious that the jury also found that Macri was on the wrong side and accordingly held him and his principal, Chadderton, liable. That is the only theory of those presented in the charge upon which the jury could have reached the verdicts that it did and the soundness of that theory is not, nor could it be, questioned here.
The errors having no bearing on the jury's verdict, they are clearly harmless ones. Judgments were, therefore, properly entered on the verdicts.
Judgments affirmed.