SALLY CANNON SPOTSWOOD, Administratrix of Alexander Spotswood, William F. Spotswood, Jr., Defendants Below, Appellants, v. NELLIE DALIOUS, Administratrix of the Estate of Lee Coulbourn, Plaintiff Below, Appellee.

(*April* 17, 1962.)

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and CAREY, Judge, sitting.

*Jackson W. Raysor* (of Tunnell and Raysor) for appellants.

*W. Howard Thompson* for appellee.

Supreme Court of the State of Delaware, No. 62, 1961.

SOUTHERLAND, C. J.:

This is a suit for damages for wrongful death. It arises out of a motor vehicle collision in which the drivers of both vehicles were killed. The plaintiff is the administratrix of the estate of Lee Coulbourn, one of the drivers; and the defendant is the administratrix of Alexander Spotswood, the other driver. The case was heard by a judge without a jury. He gave judgment for the plaintiff for $10,835. Defendant appeals.

The sole contention of the defendant is that the evidence of defendant's negligence was circumstantial, and insufficient to sustain the verdict.

The facts proved are these:

Shortly after six o'clock in the evening of Wednesday, December 21, 1960, Coulbourn, 59 years old, was driving in a westerly direction on Route 20 in Sussex County. This road leads west from the Town of Seaford, and consists of two

lanes, each twelve feet wide. Coulbourn was employed as a clerk in a Seaford liquor sore and was probably driving home after his day's work. His house was on this road. It was dark, but the weather was dry and clear.

At the same time, Spotswood, a youth of 19 years of age, was driving easterly on the same road. The two cars collided evidently almost head on, at a point seven-tenths of a mile west of Seaford. The road is straight for about 200 yards west of the point of collision and about 100 yards east of it. Both drivers and a passenger in the Spotswood car were killed. The driver of another car going westerly from West Seaford on the same road, shortly after the collision, discovered the accident and notified the State Police.

Two officers investigated the accident and photographed the cars. There was no eye witness of the collision. The verdict rests on the circumstantial evidence provided by the inspection of the cars and of the scene of the accident.

When the officers arrived at the scene of the accident they observed Coulbourn's car was entirely to the north of the center line of the road, *i.e.*, it was entirely in the westbound lane. It was headed slightly to the southwest, its wheels turned somewhat to the left. Its rear projected three feet five inches on the north shoulder of the road. The right front of the Spotswood car was four feet four inches across the center line headed slightly northeast, *i.e.*, it had crossed partly into the westbound lane. Its right rear was ten feet from the southerly edge of the eastbound lane, *i.e.*, two feet from the center line. The entire front of the Coulbourn car was smashed in. The left front or side of the Spotswood car received the major force of the collision.

The officers concluded from the debris of the collision and other facts that the point of impact was in the westbound lane, four feet north of the center line. Both cars were almost completely wrecked—"collapsed", the officer said, by

the force of the collision. There were no skid marks. There were two "gouges" in the road surface, but the cause of them could not be determined. The officers attempted to estimate the speed of the cars, but the testimony on the point is confusing and we do not rest our decision upon any precise estimate of speed. The debris from the collision was at the front or under the front of the Spotswood car and three or four feet from the front of the Coulbourn car, indicating that the Coulbourn car had been struck with such force as to knock it backwards. From this fact it was reasonable to infer that the speed of the Spotswood car exceeded that of the Coulbourn car.

The trial judge held that the circumstantial evidence was so strongly in favor of plaintiff as to entitle her to a judgment. We think that his finding is supported by competent evidence. It is definitely shown that the collision occurred in the westbound lane, *i.e.*, that Spotswood was on the wrong side of the road. This fact is unexplained and an inference of negligence is permissible. In *Bills v. Zitterbart*, 363 *Pa.* 207, 69 *A.* 2d 78, it appeared that appellant must have been driving on his left of the center line. The court said:

"Since there is nothing in the record to explain appellant's presence on the wrong side of the road, appellee met the burden of proving her case by circumstantial evidence."

Moreover, the evidence indicates that the lighter car not only stopped the heavier car, but also knocked it backwards several feet. An inference of the high speed of the Spotswood car is permissible.

For a somewhat similar set of facts see *LeBlanc v. Grillo*, 129 *Conn.* 378, 28 *A.* 2d 127. The court held the circumstantial evidence sufficient to prove negligence. True, the circumstantial evidence rule in Connecticut in civil cases is less strict than ours (*Wilson v. Derrickson, Del.*, 175 *A.* 2d 400), but the distinction is unimportant here.

In her argument to the contrary, defendant admits that an inference of the negligence of Spotswood is permissible; but insists that the evidence is reasonably consistent with a contrary conclusion, and hence plaintiff's case, under the circumstantial evidence rule, must fail. It is said that the absence of skid marks and the turning to the left of the wheels of Coulbourn's car indicates that the entrance of the Spotswood car into the westbound lane occurred suddenly. Hence, it is suggested that some mechanical failure of that car caused the accident. There is no evidence of such a failure. The suggestion is mere speculation. This remote possibility does not, we think, present a reasonable alternative to the conclusion that Spotswood was negligent. Indeed, it suggests inattention on the part of Spotswood.

We are satisfied that the evidence supports the trial judge's finding.

The judgment below is affirmed.