Kincaid, Admx., v. Neil

*Meyer, Brubaker & Whitman*, for plaintiff.

*Davis & Katz*, for defendant.

GATES, P. J., June 16, 1965.——Plaintiff, wife of decedent, brought a complaint under the Survival Act as administratrix of her deceased husband's estate against defendant for damages as a result of his death in an automobile collision. The complaint alleges that on the date of the accident, defendant owned, possessed and operated the vehicle in which decedent was a passenger. Defendant answered the complaint by denying that she was the operator and that decedent was a passenger and averred, on the contrary, that decedent was the operator at the time of the accident.

The matter came on for trial and was heard by a jury beginning May 20, 1963, resulting in a verdict on May 23, 1963, in favor of defendant.

During the course of the trial, plaintiff produced eyewitnesses to the accident, and their testimony briefly was that the vehicle containing plaintiff's decedent and defendant was proceeding eastwardly on Route 22, which is a four-lane divided highway, when, suddenly it started to zigzag all over the road and that it crossed into the opposite lane of traffic,

struck an embankment and upset. Plaintiff's decedent was found lying along the side of the vehicle, and defendant was kneeling alongside of him. Plaintiff's decedent was apparently killed instantly. There was no direct evidence in plaintiff's case as to the identity of the operator, and plaintiff rested her case on the legal presumption that defendant, being present in the vehicle and being the owner thereof, was, in fact, the operator.

Defendant was called to testify, and plaintiff objected, claiming that she was not a competent witness under the provisions of the so-called Dead Man's Act of May 23, 1887, P. L. 158, sec. 5, 28 PS §322, and the Act of June 11, 1891, P. L. 287, sec. 1, 28 PS §325. The trial court overruled the objection and permitted defendant to testify generally to all relevant matters. The important aspect of her testimony was that she was not the operator at the time the vehicle upset but that it was then and there being operated by plaintiff's decedent. She testified that she was asleep and was awakened suddenly and saw that they were sitting in a sideway position off the road. Decedent then took his hand and jerked the wheel, and the car rocked back and forth and crossed the medial strip. The next thing she realized was that there was a crash and the car was on its roof. Defendant also produced an eyewitness who was operating an oncoming vehicle and who saw the vehicle zigzag and that his headlights shone on the car and he noticed that a man was driving. He also testified that he saw the car cross the highway, hit the embankment and turn over.

Plaintiff moved for a new trial, assigning several reasons therefor and, specifically, that the trial court erred in permitting defendant to testify generally rather than limiting her testimony to denying the testimony of plaintiff's witness who testified, not as to the identity of the operator, but as to the manner in which

the vehicle was operated at the time of the accident.

In order for us to consider the remaining reasons for a new trial assigned by plaintiff, we deem it advisable, if not necessary, to first conclude whether the trial court erred in permitting defendant to testify generally.

Since the Act of April 15, 1869, P. L. 30, as superseded by the Act of May 23, 1887, P. L. 158, all witnesses are prima facie competent, and the burden is on one objecting to the witness to make his incompetency affirmatively appear: Hendrickson Estate, 388 Pa. 39; Bates v. Carter Construction Company, 255 Pa. 200 at 205. In all cases, competency is the rule, and incompetency is the exception, the burden being on the party objecting to the witness to establish his incompetency: Hart, Schaffner & Marx v. Koch, 107 Pa. Superior Ct. 528. The provisions of the Act of 1887 extend to all proceedings, both civil and criminal, with certain exceptions specified in the act. One of the exceptions is that whenever a party to a transaction is dead or has been adjudged a lunatic, and his rights have passed to a party on the record who represents his interests, no surviving party or other person whose interest is adverse is competent to testify to matters occurring before the death or lunacy of such a person, with certain exceptions not applicable to this case. At first blush, this would appear to preclude defendant from testifying. The transaction here involved was an automobile accident, and this provision has been held to be applicable to actions for the recovery of damages for personal injuries: Irwin v. Nolde, 164 Pa. 205; Lockard v. Vare, 230 Pa. 591, at 595. Plaintiff's decedent is dead, and defendant is a party in interest in this proceeding. This is a survival action for the damages to which decedent would be entitled and not a wrongful death action which directly benefits his heirs. Were it not for a later amendment

to the act, it would appear that defendant was not a competent witness in the case.

However, the Act of June 11, 1891, P. L. 287, sec. 1, 28 PS §325, provides, in effect, that if a transaction occurred between the deceased and a living witness or in the presence or hearing of such witness who has been called to testify against the survivor or person whose interest is adverse, the latter is thereby rendered competent to testify fully as to such matters: Rosche v. McCoy, 397 Pa. 615; Armitage v. Ulrich, 159 Pa. Superior Ct. 202; Weaver v. Welsh, 325 Pa. 571. It has been held that the person in whose presence the transaction took place must have actually been called to testify against the survivor before the latter is made competent: Stevenson v. Titus, 332 Pa. 100; Aaron v. Smith, 90 Pa. Superior Ct. 565 at 568, and Wright v. Hanna, 210 Pa. 349 at 354. Applying the facts in this case to the exception, we are satisfied that defendant was rendered competent. The transaction involved in this case and which occasioned the proceeding in which defendant's testimony was prima facie competent was a one-car automobile accident occurring on Route 22 in Lebanon County. Plaintiff alleges that she is entitled to damages by reason of the negligent operation of the vehicle by defendant. Plaintiff produced eyewitnesses to the accident who described in detail the scene and how the accident occurred. It is true that she did not produce witnesses to testify directly that defendant was operating the vehicle at the time of the accident but chose to rely upon the legal presumption that the owner of the vehicle, being present, was the operator. Defendant admittedly owned the vehicle. We are of the opinion, therefore, that the Act of 1891 thereby rendered defendant competent to testify to any *relevant matter*, even though it may have occurred before the death of plaintiff's decedent. It is manifest, therefore, that defendant is

permitted to testify not only as to the happening of the accident itself, but she could testify that she was not in fact operating the vehicle. We do not believe it would be fair, just, or within the contemplation of the framers of the so-called Dead Man's Rule to permit the rule to be used as an offensive weapon when its primary purpose is defensive and to prevent estate raiding. It would be awkward, to say the least, if a defendant, who is defending the suit on the grounds that she was not the operator, were permitted to testify as to how the vehicle was being driven at the time of the accident but prevented from testifying that she was not driving, merely because plaintiff did not have an eyewitness to testify that she was. If she were not in fact driving, then she could never testify to that effect, because plaintiff certainly could not produce a witness who saw her drive. This would indeed be an unconscionable rule of evidence, especially when applied to a situation where plaintiff relies on a legal presumption alone as the sole proof of a determinative fact.

Plaintiff relies upon Bills, Admrx. v. Zitterbart, 363 Pa. 207, as authority for the proposition that defendant's testimony should have been limited to rebutting just those things testified to by plaintiff's witness. In that case, one Mrs. Woods testified for appellee that she heard the noise of the truck coming fast down a hill. The court held that it was unable to determine the competency of the witness offered by defendant, because the record was wanting. The court said, ". . . the record must contain an offer of testimony showing what was proposed to be proved by the witness whose competency was questioned": Krumrine v. Grenoble, 165 Pa. 98. The court then noted that no offer was made and then proceeded to volunteer, by way of dictum, that Mrs. Woods' testimony would, at most, render appellant competent to testify only that he was not

going fast or that the truck was not making a noise. The court said, "Such relative terms are of no legal significance and could have been excluded as irrelevant." We are not certain we understand the court's statement with regard to relevancy, because it would appear clear to us that it would be relevant on the matter of credibility, if for no other reason. We would prefer, however, to understand the court to have meant that it would not be a "relevant matter" within the purview of the Act of 1891. However that may be in the Bills case, it is not applicable to the instant case. Who was operating the vehicle at the time of this unfortunate accident is a highly relevant matter, and, indeed it is the only defense pleaded and offered by defendant. Additionally, defendant offered corroborative evidence that it was a man that was driving at the time of the accident and not a woman. Therefore, we conclude that the trial court properly ruled that defendant was rendered competent to testify generally to all relevant matters.*

## ORDER

And now, June 16, 1965, plaintiff's motion for a new trial is refused, and the prothonotary is directed to enter judgment upon the verdict in favor of defendant and against plaintiff.

---

* The "Dead Man's Rule" of evidence in Pennsylvania has been under attack for years. There have been several legislative attempts to abolish the rule and repeal the statutes. These attempts have been endorsed by the Pennsylvania Bar Association. See the report of a panel discussion held during the summer meeting of 1963 reported in the March, 1964 issue of the Pennsylvania Bar Association Quarterly. One criticism of the rule not there reported is the susceptibility of the rule to maneuvering as an offensive weapon to establish a claim against a living defendant by a living plaintiff in a representative capacity, where actually the living plaintiff is, in fact, if not in legal contemplation, the real party in interest, though not a party to the transaction or occurrence.