# Brumbach *v.* McLean.    Kitchin's Appeal.

*Mortgage—Assignment of mortgage—Notice.*

The purchaser of a bond and mortgage who fails to require the production of the papers is chargeable with notice of any defect in the assignor's title thereto.

A parol assignment of a mortgage which is accompanied by delivery of the mortgage papers will prevail over a subsequent written assignment of the same mortgage.

One who takes an assignment of a mortgage without any delivery of the mortgage to him, assumes the risk of meeting, sooner or later, some one able to show an earlier valid title, and when such person appears claiming the mortgage under a parol assignment prior to his, he cannot justly complain of consequences, due solely to his failure to exercise common prudence in an ordinary business transaction.

Argued Feb. 26, 1900.    Appeal, No. 62, Jan. T., 1900, by William F. Kitchin, from order of C. P. Berks Co., May T., 1896, No. 45, discharging rule to mark judgment to use of W. F. Kitchin and to stay execution in case of Mary C. Brumbach, now to the use of John Swavely v. James B. McLean, administrator of Adam Johnson, deceased.    Before GREEN, C. J., McCOLLUM, FELL, BROWN and MESTREZAT, JJ.    Affirmed.

Rule to mark judgment to use of W. F. Kitchin and to stay execution.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order discharging the rule.

*Richmond L. Jones*, with him *Rothermel & Mauger*, for appellant.—The assignee of a mortgage takes it discharged of the equities of persons not parties to it of which he has no notice: Mott v. Clark, 9 Pa. 399; Bigley v. Jones, 114 Pa. 510.

The act of April 9, 1849, puts the assignment of a mortgage upon equality with deeds for the conveyance of land, and it is nowhere regarded as an appendage to the mortgage: Pepper's App., 77 Pa. 373.

*Cyrus G. Derr*, with him *Stephen M. Meredith*, for appellee. —It is a principle of general application that one who purchases from another not in possession is charged with knowledge of the claims of him who is in possession: Jones on Mortgages, sec. 476.

OPINION BY MR. JUSTICE BROWN, May 29, 1900:

The contention here is between two claimants to a mortgage, both claiming title from the same source, the appellant under a written assignment from E. C. Kitchin, a former owner, and the appellee under one from him by parol. On November 19, 1869, Adam Johnson, of Amity township, Berks county, executed and delivered to Mabry C. Brumbach, as trustee for his wife Mary, a mortgage on land in said township, to secure the payment of $2,300 at his death, without interest. Mrs. Johnson died before her husband, having made her will, of which she appointed Brumbach the executor. On January 29, 1874, as said executor, he assigned the mortgage to E. C. Kitchin, under whom both parties to this contention are claiming, and the assignment was duly recorded. Subsequently, on October 24, 1879, Kitchin assigned the mortgage to Charlotte Filbert and George K. Lorah, and the assignment to them was recorded the same day. On March 19, 1881, they assigned the mortgage to William F. Kitchin, the appellant, and, on April 28, 1881, he placed on record the assignment, under which he now claims title. On April 4, 1891, Adam Johnson, the mortgagor, died, and the moneys secured by the mortgage became due. On November 25, 1893, John Swavely, the appellee, caused a writ of scire facias to be issued on it, claiming that he was the assignee of the same. His contention is, that, on December 20, 1875, E. C. Kitchin had assigned it by parol to Jeremiah Wea-

ver, giving him actual possession of it. He further alleged and proved that Weaver, on December 22, two days later, made an assignment for the benefit of creditors, and his assignees, afterwards, on July 10, 1880, sold him the mortgage at public sale, delivering it to him with their written assignment on February 21, 1881, which was recorded April 30, 1885. Under this claim to the mortgage, Swavely proceeded to try in the name of Brumbach, for his use, and recovered a verdict. William F. Kitchin, the appellant, appeared at the trial and challenged Swavely's right to sue, claiming that he was the owner of the mortgage; but the court being of opinion that Swavely could use the legal title of Brumbach to obtain judgment, that the only defense to be made was payment, and that the rights of the respective claimants could be subsequently determined, directed a verdict for the plaintiff. After verdict and judgment, William F. Kitchin came into court with his petition, reciting his title and praying that the execution issued by Swavely be set aside and the judgment marked to his use. A rule was awarded to show cause why his prayer should not be granted; and, that the conscience of the court might be informed as to the real ownership of the mortgage, an issue was framed, with John Swavely as plaintiff and William F. Kitchin as defendant, to determine as between them who owned it and was entitled to the judgment recovered on it. Twice the court below was advised by a jury that there had been a valid parol transfer of the mortgage by E. C. Kitchin to Weaver. We disturbed the first finding, for reasons given by our Brother DEAN in Brumbach v. Johnson, 187 Pa. 602, and, upon a second trial of the issue, the jury, having been correctly instructed by the learned trial judge, again informed him that Swavely had title to the mortgage. Having been so advised, and his conscience having been so satisfied, he discharged the rule granted at the instance of the appellant to show cause why the judgment should not be marked to his use, and we are now to determine the only question raised on this appeal, which is, whether the non-delivery of the mortgage to the appellant, or those under whom he claims title, was sufficient to put him upon inquiry.

At the time of the parol assignment of the mortgage to Weaver, the mortgage itself was actually delivered to him by Kitchin.

Weaver's assignees not only transferred it to the appellee in writing, but delivered it to him and he had .possession of it at the time the appellant asked the court to mark to his use the judgment that had been recovered on it. Neither the appellant nor his assignors ever had it in their possession. When E. C. Kitchin assigned it to Charlotte Filbert and George K. Lorah, they should have asked for it, and when they assigned it to W. C. Kitchin, he should have inquired about it. Ordinary prudence required as much from them. If, upon demand from Kitchin that the mortgage be produced and delivered to him at the time he took the assignment, no satisfactory explanation had been made for its nonproduction, it can hardly be pretended that he would not have had notice that he would take a doubtful title, one liable to be defeated by another holding the mortgage itself under a prior valid transfer. Having taken an assignment of the mortgage without any delivery of it to him, he assumed the risk of meeting, sooner or later, some one able to show an earlier valid title, and he cannot now justly complain of consequences due solely to his failure to exercise common prudence in an ordinary business transaction. In the negotiation of notes, bonds or mortgages, a broker would hardly presume to purchase them for his customer without tendering delivery of them upon receipt of the purchase money, and a purchaser could hardly be found willing to give up his money without receiving into his own hands the securities purchased. " When one purchases property in the possession of one not the vendor, the purchaser is bound to make inquiry concerning the rights of the one in possession, and failing so to do, is chargeable with notice of all that a proper inquiry would have disclosed:" 16 Am. & Eng. Ency. of Law, 800. " The purchaser of a bond and mortgage who fails to require the production of the bond is chargeable with notice of any defect in the assignor's title thereto:" Kellogg v. Smith, 26 N. Y. 18. " It is not often that the question of priority of rights under different assignments of the same mortgage can arise, because an assignment is generally accompanied by a delivery of the note or bond secured by the mortgage and of the mortgage itself; and except under peculiar circumstances a person acting in good faith would not take a mere written transfer of the mortgage title without a delivery of these. The fact that the assignor did not have these

papers to deliver would be enough ordinarily to put the purchaser on his guard, even if it did not amount to notice to him of a prior assignment. At any rate, the absence of these papers would be enough to put in doubt his good faith in taking the assignment, and would make him chargeable with notice of any defect there may be in the assignor's title:" Jones on Mortgages, section 476.

The learned trial judge properly held that the non-delivery of the mortgage was a "circumstance calculated to put the assignee upon inquiry as to its whereabouts," and having satisfied himself that the title of the appellant was not paramount to that of the appellee, denied the petition of the former to have the judgment on the mortgage marked to his use. This was a proper disposition of the case. The decree of the court below is affirmed and the appeal dismissed at the cost of the appellant.