# Proper v. Campbell.

*Evidence—Party dead—Act of 1891.*

Where a living party defendant is called by the defendants to testify against the plaintiffs with regard to a relevant matter which occurred in her presence prior to the death of one of the defendants, party to the contract, the effect is to render the surviving parties and other persons whose interests were adverse to the right of the defendants competent to testify to that particular relevant matter.

*Evidence—Party dead—Cross-examination.*

Where the witness in her examination in chief had unequivocally testified that the agreement had been made, the defendants could not deprive the plaintiffs of the benefit of the act of 1891 by refraining from asking her who were present at the time the agreement was made; this fact the plaintiffs had a right to develop in cross-examination, and the case does not fall within the rule of Cake v. Cake, 162 Pa. 584.

*Sheriff's mileage fees—Forest county—Act of 1870.*

Under the Act of February 19, 1870, P. L. 210, the mileage fees of sheriffs in Forest county was increased from six cents to ten cents a mile.

Argued May 23, 1900. Appeal, No. 211, April T., 1900, by plaintiff, in suit of J. F. Proper, now for use of A. M. Droutt, against S. J. Campbell, administrator of John L. Peters, deceased, and Martha L. Peters, from judgment of C. P. Forest

County, Aug. T., 1896, No. 18, on verdict for defendants. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. D. PORTER, J.

Judgment opened and issue to try the question of how much, if anything, is due on said judgment, the note to stand as a statement of plaintiff's claim, and the defendants to enter a plea. Defendants plea "payment, payment with leave, and set-off." Before LINDSEY, P. J.

It appears from the record that after issue had been formed in these proceedings, the defendant, John L. Peters, died, and S. J. Campbell, his administrator, became substituted of record as one of the defendants.

### ESSENTIAL FACTS FOUND BY THE SUPERIOR COURT.

" The issue tried in the court below was formed for the purpose of determining the amount due upon a judgment, and the real question to be determined was the amount of the payments which had been made upon the claim. After the issue was awarded, but before the trial, John L. Peters, one of the defendants, died, and S. J. Campbell, his administrator, was subsequently made a party to the record. The note upon which the judgment was entered had been given as part of the consideration upon the sale of real estate by the legal plaintiff to the defendants. At the time of the sale the property was occupied by Dr. Siggins as a tenant of Proper. Siggins subsequently paid rent to Proper and it was alleged by the defendant that there had been an agreement that this rent should be applied upon the note in question, but the plaintiff denied this and averred that there had been an agreement that this rent should be appropriated to the payment of another account. The defendants called Martha L. Peters, the surviving defendant, as a witness and she testified with regard to the Siggins's rent:

" ' Q. Was there anything paid in any other way than you have just mentioned? A. Mr. Siggins— The rent of the house was to be paid on the note, that was the agreement; he lived in the house six months. Q. You speak of the Siggins's rent? A. Yes.'

" This was an explicit assertion that the agreement had been

made, and the plaintiffs had the unquestionable right to cross-examine as to the circumstances under which it had been made. In her cross-examination the witness testified upon this point as follows:

" 'Q. At the time of the purchase when you say the agreement was made for the Siggins's rent to apply on the note, who was present? A. Mr. Proper and Doutt. Q. A. N. Doutt? A. Yes, sir. Q. And you and Mr. Peters? A. Yes, sir. Q. That was in the Hunter house by the river? A. Yes, sir, that was when he fetched the papers there to be signed.' "

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1, 2) rejection of evidence of J. F. Proper and A. M. Doutt, Martha L. Peters having testified on behalf of defendants on direct examination, as set out in the opinion of the Superior Court, recited in the statement of facts. (3) In the general charge to the jury, in that part thereof wherein it is said: " We say to you that the law would give the sheriff only six cents mileage in the execution of his writs."

*D. I. Ball*, with him *Allen & Sons*, for appellant.—The Act of June 11, 1891, P. L. 287, would seem to be so clear as not to require any interpretation. The rejected offers of testimony so plainly come within the provisions of the act of assembly that comment thereon would seem to be entirely unnecessary. The following cases are referred to, however, to show that the testimony of these witnesses should have been admitted: Dumbach v. Bishop, 183 Pa. 602; Brumbach v. Johnson, 187 Pa. 602; Roth's Estate, 150 Pa. 261; Gold v. Scott, 5 Pa. Superior Ct. 262; Kauss v. Rohner, 172 Pa. 481; Thomas v. Miller, 165 Pa. 216; Krumrine v. Grenoble, 165, Pa. 98; Robbins v. Farwell, 193; Pa. 37.

The Act of February 19, 1870, P. L. 210, increased the mileage fees of sheriffs in Forest county from six cents to ten cents a mile.

*M. J. Heywang*, for appellees.—Matters covered by the first and second assignments of error occurred before the death of John L. Peters. This is admitted. Both the plaintiffs, J. F. Proper and A. M. Doutt, were legally interested in the event

of the suit and were adverse to the decedent. Under the Act of May 23, 1887, P. L. 158, they were both incompetent witnesses as to such matters. The act of 1887 furnishes the general rule. The Act of June 11, 1891, P. L. 287, created an exception to the general rule. Before the benefit of the exception to the rule can be claimed there must be the precise concurrence of circumstances specified in the act of 1891. These circumstances did not exist. The court below was therefore right in excluding the testimony: Krumrine v. Grenoble, 165 Pa. 98.

Furthermore to make an interested living person a competent witness at the trial under the act of 1891, in such a case as the one under consideration, the previous living witness must have testified to something against or adverse to the party calling the proposed living witness, and the testimony offered by the proposed living witness must be, above all, contradictory of the testimony given by the previous living witness. All these elements are wanting in this case. It is not shown that Mrs. Peters testified to anything adverse to plaintiffs which the plaintiffs offered to contradict. She expressly stated in her examination in chief that she knew nothing on the subject referred to in the offers of testimony: Robbins v. Farwell, 193 Pa. 37; Kauss v Rohner, 172 Pa. 481; Krumrine v. Grenoble, 165 Pa. 98; Thomas v. Miller, 165 Pa. 216.

Cross-examination does not in such cases afford a basis for introducing the testimony of an interested person for the purpose of contradiction: Cake v. Cake, 162 Pa. 584.

If this local act was of the slightest importance it was the imperative duty of the plaintiff to bring it to the attention of the court below. In all the proceedings, arguments and trials in this case in that court this was never done. A point not made below is not the subject of an assignment of error: Wright v. Wood, 23 Pa. 120.

A court is not bound to take judicial notice of a special local act of assembly not brought to its attention, and cannot be convicted of error for omitting to do so: Allegheny v. Nelson, 25 Pa. 332.

OPINION BY W. D. PORTER, J., October 8, 1900 (after finding the facts as set out in the statement of facts):

Here was a living witness, called by the defendants, who was competent to testify and did testify against the plaintiffs with regard to a relevant matter which occurred in her presence prior to the death of John L. Peters, one of the parties to the alleged contract. The effect of this was to render the surviving parties and other persons whose interests were adverse to the right of the defendants competent to testify to that particular relevant matter. There was no element lacking which was essential to bring the case within the operation of the Act of June 11, 1891, P. L. 287 ; Roth's Estate, 150 Pa. 261; Krumrine, Exr., v. Grenoble, 165 Pa. 98 ; Gold v. Scott, 5 Pa. Superior Ct. 262; Brumbach v. McLean, 187 Pa. 602; Robbins v. Farwell, 193 Pa. 37. The witness in her examination in chief had unequivocally testified that the agreement had been made and the defendants could not deprive the plaintiffs of the benefits of the act of 1891 by refraining from asking her who were present at the time the agreement was made ; this fact the plaintiffs had a right to develop in her cross-examination, and the case does not fall within the operation of the rule laid down in Cake v. Cake, 162 Pa. 584. Both Proper and Doutt were competent witnesses to contradict the testimony which had been given by Martha L. Peters, and the first and second specifications of error must be sustained.

The only question raised by the remaining assignment of error is the amount to which sheriffs of Forest county are entitled as mileage fees for the execution of writs. The learned court below charged the jury that the sheriff was entitled to receive only six cents per mile. The Act of February 19, 1870, P. L. 210, increased the mileage fees of sheriffs in the county of Forest to ten cents per mile, but this act does not seem to have been called to the attention of the court below, nor was the question raised in that tribunal, and if the record were free from error in other respects we would not feel warranted in reversing upon that ground alone. The attention of the court will no doubt be directed to this legislation at any future trial.

The judgment is reversed and a venire facias de novo awarded.