## Kline *v.* Edwards, Appellants.

*Evidence—Competency of witnesses—Death of party—Act of June 11, 1891, P. L. 287.*

A witness is competent to testify adversely in a proceeding where one of the original parties to a contract is dead, to the extent to which living witnesses, present at the trial, testified against him.

Where, in an action of assumpsit on a judgment note, the plaintiff seeks to establish a partnership between the defendants, and a consequent liability, and the evidence relied upon is given by living witnesses, the defendants are competent to testify adversely in contradiction of such testimony, although the original party to the contract is dead.

Argued April 21, 1919. Appeal, No. 17, April T., 1919, of G. W. McHenry, from the judgment of C. P. Cambria Co., June T., 1915, No. 283, on verdict for plaintiff in case of Ethel Kline, Executrix of Mary Gittings, deceased, v. R. L. Edwards and G. W. McHenry, copartners trading as R. L. Edwards. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Assumpsit on judgment note. Before STEPHENS, P. J. At the trial the defendant made the following offer:

By Mr. Shettig: We propose to prove by the witness on the stand that he is the R. L. Edwards named as one of the defendants in this action, that he personally and individually purchased from Mary Gittings, the timber which is in suit; that G. W. McHenry, as codefendant, was not a joint purchaser thereof with the witness, but that later the witness sold to the said G. W. McHenry, a one-half interest in said timber and entered into an arrangement with the said McHenry that they should jointly operate the timber in question; further, that the witness individually had negotiated with Mary Gittings, from time to time, for a period of about two years prior to the actual purchase of the timber, and that G. W. McHenry was not in anywise concerned with him in these negotiations nor in the purchase.

Objected to for the reason that the witness is a party defendant in the action and incompetent to testify to anything that occurred before the death of Mary Gittings, to wit, on the 17th day of February, 1915.

By the Court: The objection is sustained, exception noted and bill sealed to the defendant.

Verdict for plaintiff for $786.96 and judgment thereon. Defendant appealed.

*Errors assigned*, among others, were (9) ruling on evidence quoting the bill of exceptions, and (12) refusal of defendant's motion for judgment n. o. v.

*William A. McGuire, M. D. Kittell* and *Philip N. Shettig*, for appellants.—The defendants were competent witnesses: Roth's Est.-Ebert's App., 150 Pa. 261; Gold v. Scott, 5 Pa. Superior Ct. 262; Robbins v. Farwell, 193 Pa. 37; Thomas v. Miller, 165 Pa. 216; Smith v. Summerhill, 31 Pa. Superior Ct. 235; Montelius v. Montelius, 209 Pa. 541; Rudy v. Myton, 19 Pa. Superior Ct. 312.

*J. Russell Leech,* and with him *Harvey Roland, J. W. Leech* and *John E. Evans,* for appellee.

OPINION BY HENDERSON, J., July 17, 1919:

The plaintiff's action is based on a judgment promissory note dated April 19, 1913, signed by one of the defendants, R. L. Edwards. It was given to secure the payment of a balance due under an article of agreement of the same date, by the terms of which Mary Gittings, the payee in the note, sold to the said Edwards a quantity of timber standing on her farm. The contract price was $2,000, one-half of which was paid at the time of the execution of the agreement, the note representing the remainder.

A payment of $400 on the note was made by Edwards May 15, 1914. Mrs. Gittings died February 17, 1915. There is no controversy in regard to the consideration for the note nor that the signature of Edwards was genuine. The plaintiff claimed however that the appellant, McHenry, was a partner of Edwards in the purchase and that he was therefore liable with Edwards as a maker of the note. The evidence in support of this allegation was all in parol. Ethel Kline, the plaintiff, was present during the negotiations which led up to the signing of the agreement, and was a subscribing witness thereto. McHenry was not present nor named in the transaction.

The plaintiff testified that she saw McHenry go down to the woods shortly after the cutting of timber was begun, but she could not say whether he was there with Edwards at the time he started to cut or not; and that she saw him there quite often afterwards, up to the time the timber was all cut, which was the next spring after the contract was signed. She also testified that the payment of $400 on the note was made by a check of Edwards. A. J. Kline testified that he lived on the farm at the time the timber was sold, and that he saw McHenry "around there" while the timber was being cut, and that Edwards and McHenry were there to look after the set-

ting up of a mill after the cutting had begun. Edwards and McHenry continued going back and forward during the summer of 1913, and manufactured the timber and sold it as stated by this witness. According to the testimony of James Giles, McHenry said to him on one occasion: "That is a nice piece of timber R. L. Edwards and I bought from the widow Gittings"; and some conversation was had with reference to getting out the timber. Evidence was offered that one, McCombie, purchased some lumber on the Gittings tract from McHenry; and a witness named Lute testified that about a year and a half after Edwards left the country, he bought some mine-prop timber on the land from McHenry.

This constituted the substance of the testimony relied on to charge the appellant. At the conclusion of plaintiff's evidence a motion for a compulsory nonsuit was made and overruled, whereupon the defendants called R. L. Edwards and made the offer of proof set forth in the ninth assignment. This offer was objected to for the reason that the witness was a party defendant in the action, and incompetent to testify to anything that occurred before the death of Mary Gittings. The objection was sustained by the learned trial judge. The appellant was then called by whom it was proposed to prove that R. L. Edwards, his codefendant, personally and individually purchased the timber; that the witness was not a joint purchaser thereof; but that at a later time he bought from Edwards a half interest in the timber and entered into an arrangement with him that they would jointly carry on the timber operation. This offer was objected to for the reason that the witness was a defendant and incompetent to testify to anything that occurred before the death of Mary Gittings. The objection was sustained by the court.

The action of the court in rejecting these offers of evidence is the principal subject of discussion in the argument presented by the learned counsel for the appellant. What the plaintiff sought to do was to show by the parol

proofs offered that McHenry was a party to the contract for the purchase of the timber. This could not be done by the contract itself nor by the evidence bearing on the execution of the agreement and the payment of the purchase-price, for McHenry was not known in that transaction. It was the evidence of the witnesses called by the plaintiff on which reliance was placed to fix a liability on him. He was therefore a competent witness under the Act of June 11, 1891, to contradict or explain relevant conversations or events transpiring between, or in the presence or hearing of, the witnesses and himself. The statute referred to makes a surviving party a competent witness "to any relevant matter although it may have occurred before the death of said party......if, and only if, such relevant matter occurred between himself and another person who may be living at the time of the trial and may be competent to testify, and who does so testify upon the trial against such surviving or remaining party or against a person whose interest may be thus adverse, or if such relevant matter occur in the presence or hearing of such other living or competent person."

If the testimony offered by the plaintiff related to relevant matters, the competency of the defendants to testify on the same subject is established by the very terms of the statute; and inasmuch as the aggregate of this evidence was intended to have the effect of showing that McHenry was a partner of Edwards in the purchase of the timber, each of the defendants was a competent witness with respect to the occurrences and conversations to which the testimony of the plaintiff related of which either of them had personal knowledge. Inasmuch, therefore, as all of the evidence on which the plaintiff relied to secure a judgment against McHenry was given by living witnesses who testified at the trial, he was qualified to testify adversely to the plaintiff to the extent to which the witnesses of the latter involved him as a copartner in the business. Objection to the evidence was expressly made on the ground that the witness was

not competent to testify to anything that occurred before the death of Mary Gittings, and this proposition of law the court sustained. If it had been objected that the offer of proof was larger than the capacity of the witness, a different position might have been presented; but where the right to testify at all was broadly denied, the effect of the Act of 1891 was overlooked and the right of the appellant abridged: Robins v. Farwell, 193 Pa. 37; Brumbach v. Johnson, 187 Pa. 602; Roths's Est., 150 Pa. 261. The defendants were entitled to be heard in explanation or contradiction of the relevant matter presented by the plaintiff tending to establish the liability of McHenry. The judgment is reversed with a venire facias de novo.