## Kamber, Appellant, v. Becker.

*Contract—Sale—Assignment of claim—Affidavit of defense—Practice, C. P.*

In an action for goods sold and delivered brought by an assignee of the seller to his own use, an affidavit of defense which avers that the defendant had entered into an agreement of compromise with his creditors for the sum of twenty-five per cent of their claim and that the legal plaintiff had signed said agreement, is insufficient where the affidavit does not aver the payment of the twenty-five per cent, nor readiness to pay it to the legal plaintiff, and the affidavit also does not deny notice of the assignment of the claim prior to defendant's attempt to compromise and settle it with the legal plaintiff.

*Contract—Statement of claim—Pleading—Sale.*

In an action for goods sold and delivered the statement is sufficient if it avers the sale and delivery of the goods and the amount for which they were sold, and that this sum is justly due and unpaid, with a copy of a book account annexed. In such a case it is immaterial that the statement omits to aver that the goods were sold and delivered to defendant "at his request."

*Interest—Sale—Contract.*

By the custom of Pennsylvania a book account for goods sold, bears interest from the end of six months after the sale and delivery.

Argued Dec. 9, 1904. Appeal, No. 193, Oct. T., 1904, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1904, No. 449, discharging rule for judgment for want of a sufficient affidavit of defense in case of Bernard Kamber, trading as B. Kamber & Company, to use of the State Bank of New York v. J. Becker. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of sufficient affidavit of defense.

Plaintiff claims to recover from defendant the sum of $284.75, with legal interest thereon, being the amount of merchandise sold and delivered to the defendant by Bernard Kamber, trading as B. Kamber & Company, as per copy of his book of original entries hereunto annexed and made part of this statement of demand.

That on March 9, 1904, the said B. Kamber & Company, for value received, assigned the amount of said claim against the defendant herein to the plaintiff herein, and notice thereof was

immediately given to the defendant, a copy of said notice being as follows:

"March 9, 1904.

"For value received, we have assigned the above account (J. Becker) to the State Bank of New York, to whom you will please pay the amount when due. Please note this on your books and confirm same with the Bank.

(Signed) "B. KAMBER & Co."

That no part of the amount claimed herein has been paid and that the whole amount thereof is justly due, owing and unpaid.

Defendant filed the following affidavit of defense:

Defendant avers on information and belief that the State Bank of New York is not the proper plaintiff in this action.

That although deponent received notice from the State Bank of New York that his account had been assigned to it, yet said notice did not say whether the assignment was for collection as collateral or complete assignment for value, nor was notice of such assignment received by him directly from B. Kamber & Company, nor was there produced or exhibited to him the original assignment, if any such there is, and in case of payment of this account to the present plaintiff, the State Bank of New York, there would be nothing to protect deponent in case of suit by B. Kamber & Company.

The deponent has had numerous dealings and transactions with said B. Kamber & Company and has frequently received notice from assignees such as above, but always received subsequent demand from B. Kamber & Company and then paid his indebtedness directly to B. Kamber & Company.

That as to this last transaction, the account upon which this suit is brought, after the alleged assignment by B. Kamber & Company to the State Bank of New York, the said B. Kamber & Company entered into an agreement for compromise settlement of the said claim with deponent, a copy of which is hereto annexed and marked exhibit " A " and made a part hereof, and which agreement has already been completed and payment made with all parties except the said B. Kamber & Company as to this account.

Deponent is advised and believes that the said State Bank

of New York has not the authority or right to sue for this account and hereby alleges all of the facts herein stated to be true upon knowledge, or information and belief, and expects to prove same upon the trial of this cause.

*Error assigned* was the order of the court.

*Alex. J. Brian,* with him *Leo S. Rowe, Jacob Singer* and *Emanuel Furth,* for appellant.—Whether the appellee is the proper plaintiff, and whether he has the authority or right to sue, depends on the facts and circumstances of the case, which are clearly stated in the statement and are admitted either expressly or impliedly by the affidavit.

A statement of a conclusion of law will not help the defendant: People's Mutual Fire Insurance Co. v. Bergstresser, 1 Pa. Dist. Rep. 771; Superior National Bank v. Stadelman, 153 Pa. 634; Sharpless v. Stirman, 4 Pa. Dist. Rep. 569; Kelly v. Shillingsburg, 2 Pa. Superior Ct. 576.

After notice of the assignment the debtor can do nothing to prejudice the title of the assignee: Jenkins v. Brewster, 14 Mass. 291; Wheeler v. Wheeler, 9 Cow. (N. Y.) 34; Bartlett v. Pearson, 29 Me. 9.

A compromise or adjustment of a claim by a debtor with the original party after notice of the assignment will be void as against the assignee: Ashby v. Winston, 34 Mo. 311; Chapman v. Shattuck, 8 Ill. 49.

*Samuel Englander,* for appellee.—Every statement should aver that the amount which the plaintiff claims is due and payable, that he has demanded payment, that payment has been refused and that he has thereby been injured to an amount which covers his claim with interest: Rice v. Schuylkill Co., 14 Pa. C. C. Rep. 541; Com. v. Magee, 24 Pa. Superior Ct. 329.

OPINION BY MORRISON, J., January, 17, 1905:

The court below discharged a rule for judgment for want of a sufficient affidavit of defense, in assumpsit for goods sold and delivered, and to this order plaintiff excepted and a bill was sealed.

The declaration avers a " claim to recover from the defendant the sum of $284.75, with legal interest thereon, being the amount of merchandise sold and delivered to the defendant by Bernard Kamber, trading as B. Kamber & Co., as per copy of his book of original entries hereunto annexed and made part of this statement of demand."

The declaration then avers an assignment of this claim, on March 9, 1904, to the state bank of New York, with immediate notice thereof given to the defendant, and a copy of said notice is set forth in the declaration. It is then averred " that no part of the amount claimed herein has been paid and that the whole amount thereof is justly due, owing and unpaid. Hence this suit."

The copy of the account from the plaintiff's book of original entries is annexed to the declaration showing a charge for eight items of goods bought of B. Kamber & Co., by J. Becker, on March 9, 1904. In this copy each item and its price is stated and the whole footed up making a charge of $284.75. And it is again averred that this statement of demand is just and true and the amount therein claimed justly due.

The affidavit of defense denies the right of the use plaintiff to maintain this suit, and questions the bona fides of the assignment. It is also averred that the defendant had entered into an agreement of compromise with his creditors for the sum of twenty-five per cent of their claims and that the legal plaintiff had signed said agreement. But the affidavit does not aver the payment of the twenty-five per cent. nor readiness to pay it, to the legal plaintiff. Nor is it denied that the defendant received the notice of the assignment of the claim prior to his attempt to compromise and settle it with the legal plaintiff. The suit is in the name of the legal plaintiff to the use of the assignee and there is nothing in the defendant's affidavit of defense which makes it material whether the assignment is bona fide or not. A recovery in this suit will protect the defendant from another suit for the same cause of action : Montgomery v. Cook, 6 Watts, 238; Trust & Surety Co. v. Howell, 19 Pa. Superior Ct. 255 (see p. 263).

The defendant does not deny the purchase and receipt of the goods for the prices stated in the declaration. Nor does he deny that the whole purchase price is due and unpaid. Upon

this state of facts it is no concern of his whether the assignor or the assignee receives the proceeds of the judgment when recovered.

The defendant argues that the declaration does not aver a sale of the goods for the regular market prices nor the agreement of the defendant to pay the prices charged. But the declaration does aver the sale and delivery of the goods and the amount for which they were sold and that this sum is justly due and unpaid. Then the copy of the account annexed to the declaration shows a sale by the plaintiff to the defendant with dates, items and amounts and again states that this sum is justly due and owing. We think the declaration, with the copy of the account annexed, makes a prima facie case of the sale, delivery and price of the goods and that it is substantially in harmony with Bridgeman Bros. Co. v. Swing, 205 Pa. 479. There the averment was on "a book account for merchandise, sold and delivered to the defendants at their request, with a further averment that the charges are just and reasonable and a copy of the account showing in detail the articles and their prices."

In the present case the declaration does not state that the goods were sold and delivered to the defendant at his request, the words "at his request" being omitted. But where the averment is a sale and delivery of specified articles, at a designated price, the omitted words are not material. Moreover, the declaration avers the whole amount of the claim to be justly due, owing and unpaid and this we consider sufficient. Especially in a case where there is no denial of the purchase and receipt of the goods nor of the prices charged. Upon this declaration and the affidavit of defense, the implication is very strong that the defendant agreed to pay the plaintiff the prices charged for the goods.

It is argued by the defendant that there is no averment as to whether the goods were sold on thirty, sixty, ninety or one hundred and twenty days' time. The declaration does not aver a sale on time at all and, therefore, there is no force in the contention that the declaration does not set forth the time on which the goods were sold. The suit is based on a single transaction and there is nothing in the declaration nor in the affidavit of defense indicating a sale on time. It is also argued that it does not ap-

pear from what date interest should be computed. This was a sale and delivery of goods in the city of Philadelphia and the plaintiff having failed to set forth in his declaration a bargain for interest at an earlier period, we think he will not be entitled to interest until six months after the sale and delivery: Adams v. Palmer et al., 30 Pa. 346. We think the plaintiff's declaration is sufficient and that the affidavit of defense is insufficient to prevent judgment and, therefore, the court erred in discharging the rule for judgment for want of a sufficient affidavit of defense: Davidov v. Bail, 23 Pa. Superior Ct. 579.

The assignments of error are sustained and the order of the court refusing judgment is reversed and the record remitted to the court below with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.