# Sentinel Printing Company to use of Charles F. Hill *v.* Long, Appellant.

*Practice, C. P.—Use plaintiff—Equitable plaintiff—Defense.*

In an action by one person to the use of another the defendant cannot allege that the equitable plaintiff has no right to recover the sum in controversy. Recovery depends on proof of the legal plaintiff's claim, and the right to its fruits is a matter resting between the legal and equitable plaintiffs to be determined, if necessary, by the court; and this in no way concerns the defendant.

Argued Jan. 11, 1905. Appeal, No. 17, Jan. T., 1905, by defendant, from judgment of C. P. Luzerne Co., June T., 1896, No. 120, on verdict for plaintiff in case of Sentinel Printing Company to use of Charles F. Hill v. Matthew Long. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit upon a written order for the payment of money. Before FERRIS, J.

The facts appear by the opinion of the Superior Court.

Defendant presented these points :

1. The order declared upon not having been accepted in writing, by the defendant, and the amount in controversy being in excess of $20.00, no action can be maintained thereon. *Answer:* Refused. [1]

4. If the jury believe from the evidence that the order was for an amount in excess of the amount of the return premiums, the verdict should be for the defendant. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $214.16. Defendant appealed.

*Error assigned* was (1, 2) above instructions, quoting them.

*John M. Garman*, with him *C. W. Kline, Abner Smith* and *John H. Bigelow*, for appellant.

*Henry A. Fuller*, for appellee.

OPINION BY SMITH, J., October 9, 1905:

The material facts of this case are undisputed. The appellant, as agent or broker of several insurance companies, was ordered by the Sentinel Printing Co., whose property was insured in his agency, to cancel certain policies, and was also directed, by a written order, to pay the return premiums to Charles F. Hill, the use plaintiff. The appellant collected the amount of the return premiums, but instead of paying it as ordered by the Printing Co., retained it himself. The only ground of defense now relied upon is the failure of the appellant to accept, in writing, the order on himself, the amount being in excess of $20.00. This view indicates a misconception of the situation. It is unnecessary to consider whether the equitable plaintiff could have recovered had the action proceeded to the end as originally brought. As the record stood at the trial, it showed an action by the Sentinel Printing Co., to the use of C. F. Hill, against the appellant. This action was based on the claim of the Printing Co. to the money which the appellant had collected, and not on the equitable plaintiff's right to it. Recovery depended on proof of the Printing Company's claim, and the right to its fruits was a matter resting between the legal and the equitable plaintiffs, to be determined, if necessary, by the court. The lack of such right in the equitable plaintiff was no defense to the action. Hence the order does not enter into the case. This principle is so well established that it is difficult to understand why it should now be questioned. Upon the facts of the case, the right of the legal plaintiff to the money which the appellant received on the cancellation of policies cannot be doubted. Whether this right has passed by assignment to the equitable plaintiff is a question that in no way concerns the defendant. A verdict and judgment against him, as the record stands, form a bar to any further action against him on the claim.

Judgment affirmed.