## Metal Products Company v. Levine.

*Practice—Sci. fa. sur mortgage — Parties — Terre-tenants — Default — Notice of.*

1. The only effect of a failure to name a terre-tenant in a *sci. fa. sur* mortgage is to leave him unaffected by the judgment on the writ, so that he can thereafter avail himself of any defence which he could have raised as a party to the writ.

2. When a mortgage states that interest is due on a date certain, and that, upon default in payment, the whole debt shall become due and payable, no further notice to the mortgagor or terre-tenant is required, and, upon the happening of the default and the expiration of thirty days thereafter, the mortgagee may bring suit.

*Practice, C. P.—Effect of discontinuance of suit—Right to bring new suit.*

3. A voluntary discontinuance, dismissal or non-suit by a party plaintiff does not satisfy and discharge the debt or cause of action, and, hence, does not preclude him from bringing a new suit for the same cause, except where the basis of the dismissal is an agreement between the parties respecting the matters in controversy.

*Right of legal plaintiff to sue without joinder of equitable plaintiff.*

4. In the absence of an averment of payment of any part of the debt secured by the mortgage, it is no defence to aver that other persons besides the plaintiff are interested in the amount claimed.

Rule for judgment for want of sufficient affidavit of defence. C. P. Beaver Co., March T., 1921, No. 160.

*Holt, Holt & Richardson,* for plaintiff; *W. A. McConnel,* for defendant.

READER, J., Aug. 1, 1921.—The above entitled proceeding is a writ of *scire facias* upon a mortgage from defendant to plaintiff, dated June 1, 1920, and recorded in the Recorder's Office in and for Beaver County in Mortgage Book, volume 188, page 264, said mortgage being given to secure the payment of certain promissory notes, as set out in the plaintiff's statement of claim.

To the statement of claim an affidavit of defence was filed by Isaac Levine, the mortgagor and defendant. Pittsburgh Steel Tube Company, a corporation, became the owner of the property by purchase from Isaac Levine prior to the issuing of said writ of *scire facias,* and the sheriff, finding this corporation in possession of the property, served the *scire facias* upon it and added it as a party to the proceeding. This corporation also filed an affidavit of defence.

Pittsburgh Steel Tube Company undertakes to defend against the writ on the ground that, though its deed was recorded before the issuing of the writ, it was not named as terre-tenant. This fact in itself would not, in any event, be a defence to the writ. The only effect of a failure to name the corporation as a terre-tenant would be to leave it unaffected by the judgment on the writ to the extent of being able subsequently to avail itself of any defence which it could have raised had it been made a party as terre-tenant. In view of the fact, however, that the corporation was added by the sheriff as a party to the suit, was served with the writ by the sheriff and entered a general appearance in the proceeding, we think this defence is without merit.

The defence is also set up in the affidavit of defence of the corporation that none of the unpaid notes secured by the mortgage, at the time of issuing the writ of *scire facias,* were then due, and that there was due at that time only six months' interest, which fell due on Dec. 1, 1920, and that the *scire facias* was issued without notice to defendant or the said corporation, and that, upon learning of the issuance of the writ, the corporation tendered to plaintiff the amount of said interest and the further sum of $90.

It is also contended that, under these circumstances, the plaintiff is not entitled to recover attorney's commission.

The mortgage on its face discloses the time when interest is due and payable, contains a provision that, upon default in payment of interest, the whole debt secured by the mortgage shall become due and payable, with interest and an attorney's commission for collection. No further notice to the defendant or terre-tenant was required. Upon the happening of the default and the expiration of thirty days thereafter, the right of the plaintiff to proceed was complete.

Two principal defences are raised by both affidavits of defence.

The first is that a prior writ of *scire facias* was issued upon this mortgage at No. 223, December Term, 1920, and that this *scire facias* was settled and discontinued without plaintiff reserving the right to issue further and additional writs of *scire facias* in case of further default, and that by reason thereof the plaintiff has lost the right to issue further writs of *scire facias* for the collection of the mortgage under the terms of the *scire facias* clause of the mortgage itself, and is limited to the writ of *scire facias* provided by statute in the case of an overdue mortgage. The averments in the affidavit of defence as to the discontinuance of the writ of *scire facias*, at No. 223, December Term, are not supported by the record. The discontinuance entered on the record in that proceeding is as follows:

"Nov. 26, 1920, this proceeding is hereby discontinued without prejudice to the rights of plaintiff to issue an *alias* writ of *scire facias* in case of further default.                                       Holt, Holt & Richardson,

Attys. for Plff."

It was contended at the argument of the case that the court cannot take notice of the language of the discontinuance, as it was not set out in full in the pleadings in the present case and was not offered in evidence. In view of the fact that the entering of the discontinuance is specifically referred to and set up as a defence, and the record must be inspected by the court in ascertaining the fact of the discontinuance, it is difficult to see how the terms of the discontinuance can be withheld from the consideration of the court.

Aside, however, from the terms of the discontinuance in this case, the court is of opinion that the discontinuance of the former writ generally would not have the effect contended for by the defendant. The plaintiff would still have the right to issue a writ to collect the mortgage upon the happening of any subsequent default within the terms of the mortgage. It is apparent from the record that the default upon which the *scire facias* was issued at No. 160, March Term, 1921, occurred subsequent to the discontinuance of the prior writ at No. 223, December Term, 1920.

The general rule as to the effect of a voluntary discontinuance is thus stated in 18 Corpus Juris, 1171 (60-2): "The general rule is that a voluntary discontinuance, dismissal or non-suit by a party plaintiff does not of itself satisfy and discharge the debt or cause of action, and, hence, does not preclude plaintiff from bringing a new suit for the same cause, except where the basis of the dismissal is an agreement between the parties respecting the matters in controversy. It settles no right of property between plaintiff and defendant, nor is it an admission of any right whatever in defendant."

In the case of Weston *v.* Board of Railroad Commissioners et al., 205 Mass. 94, 91 N. E. Repr. 303, the general rule is stated: "While the rule in equity is not precisely the same as at law, the general principle, both at law and in equity, is that the plaintiff may abandon his suit without being barred whenever it can be done without injuriously affecting rights of the defendant acquired by reason of the bringing of the suit."

1 D. & C.

Other cases in which the rule thus stated is declared or referred to are: Hollingsworth & Vose Co. v. Fox Borough Water Supply District, 171 Mass. 450, 50 N. E. Repr. 1037; Derick v. Taylor, 171 Mass. 444, 50 N. E. Repr. 1038; Worcester v. Lakeside Manuf. Co., 174 Mass. 299, 54 N. E. Repr. 833; Haldeman et al. v. United States, 91 U. S. 584; Lindsay v. Dutton, 217 Pa. 148; Berger v. Long, 1 Walker (Pa.), 143.

In the case of Taylor v. Foulkrod, 3 W. N. C. 171, the rule was applied by the Court of Common Pleas of Philadelphia to a state of facts quite similar to the facts in this case.

The report of the case shows that it came before the court on a rule for judgment for want of a sufficient affidavit of defence. The proceeding was *scire facias sur* mortgage, containing a clause that, in default of payment of interest, the whole amount should become due. The affidavit of defence alleged that a suit had been brought on the same mortgage to No. 626, June Term, 1875, in Common Pleas No. 1, had been put at issue and ordered for trial, but subsequently was discontinued. There had been no default in the payment of interest since this discontinuance, and the present suit was upon a default in the payment of interest which had occurred during the pendency of the former suit. The rule for judgment was made absolute.

Applying the principle stated in the foregoing cases to the present case, the court is of opinion that the issuing of the writ of *scire facias* at No. 223, December Term, 1920, and the discontinuance thereof, is not a valid defence to the second *scire facias* on the same mortgage at No. 160, March Term, 1921.

The second defence raised by both affidavits of defence is that the plaintiff was not the holder of all the notes secured by the mortgage at the time of issuing the writ of *scire facias*, and could not issue the writ without the joinder of the holders of all the notes secured by the mortgage, and is not entitled to judgment for the full amount of the unpaid notes.

No provision of the mortgage or rule of law, however, limits the right of recovery on the mortgage in the manner claimed. Such a rule might in many cases destroy the remedy of those for whose security the mortgage was given. The plaintiff in this case has the legal title to the mortgage and has the right to recover upon that title. If others are equitably interested in the mortgage by ownership of part of the debt secured by it, their rights can be preserved by control of the judgment entered. The fact of their interest, however, is not a defence available to the defendant or terre-tenant. In the absence of an averment of payment of the whole or any part of the debt secured by the mortgage, it is no defence to aver that not alone the plaintiff, but others as well, are interested in the amount claimed.

"The right to recover is founded on the claim of the legal plaintiff, and whether this right remains in him or has passed to an assignee is immaterial. The cause is to be tried without relation to an equitable plaintiff, unless an issue is raised between such plaintiff and the defendant; as when a defence is set up which, while good against the legal plaintiff, cannot be made against the equitable plaintiff, or the defendant alleges a defence or a counter-claim against the latter which would not avail against the former: Berks County v. Levan, 86 Pa. 360; Crawford v. Stewart, 38 Pa. 34:" American Manuf. Co. v. Morgan Smith Co., 25 Pa. Superior Ct. 176 (183).

"The suit is in the name of the legal plaintiff, to the use of the assignee, and there is nothing in the defendant's affidavit of defence which makes it material whether the assignment is *bona fide* or not. A recovery in this suit will protect the defendant from another suit for the same cause of action: . . ." Kamber v. Becker, 27 Pa. Superior Ct. 266 (269). See, also, Sentinel

Printing Co. v. Long, 28 Pa. Superior Ct. 608; Brumbach v. Johnson, 187 Pa. 602.

The court is, therefore, of opinion that plaintiff is entitled to recover the full amount due upon the mortgage, including the attorney's commission.

On June 3, 1921, a supplemental affidavit of defence was filed, averring that notes amounting to $10,000, with $600 in full of the interest on said notes to June 1, 1921, the date on which said notes fell due, were paid. This is conceded by plaintiff, and allowance should also be made for the same in entering judgment. Interest on the unpaid notes should also be allowed to the date of entering judgment.

### Order.

Now, to wit, Aug. 1, 1921, it is ordered, adjudged and decreed that judgment be entered in favor of the plaintiff and against the defendant, Isaac Levine, and the terre-tenant, Pittsburgh Steel Tube Company, for want of a sufficient affidavit of defence, to be liquidated as follows:

| | |
|---|---:|
| Debt | $18,000.00 |
| Interest to Dec. 1, 1920 | 540.00 |
| Attorney's commission | 927.00 |
| Interest to June 1, 1921 | 540.00 |
| Interest on $8000, from June 1, 1921, to Aug. 1, 1921 | 80.00 |
| | $20,087.00 |
| CREDIT. | |
| Notes paid | $10,000.00 |
| Interest paid | 600.00 |
| | 10,600.00 |
| | $9,487.00 |