## Harris Motor Company, to use, etc., v. Platkin.

*Judgment notes—Negotiability—Endorsement—Rights of use-plaintiff.*

1. The endorsement of a judgment note in the form of an order to pay, when accompanied by delivery of the note, amounts to an equitable assignment, even though it be not under seal. The presumption is that value was given and that it was intended to assign the note.

2. It is not necessary for the equitable plaintiff to show his title to a note upon which he brings suit. The right to recover is founded on the claim of the legal plaintiff, and whether this right remains in him or has passed to the assignee is immaterial to the defendant.

*Judgments—Rule to open—Practice—Petition and answer.*

3. It is not sufficient to set forth in a petition to open judgment an allegation that the plaintiff did not comply with the terms of his agreement with the defendant. The agreement and the details of the failure to comply must be set forth in full.

4. Upon an application to open a judgment, where a responsive answer has been filed and no reply made, and no testimony produced, the petition will be dismissed, at the cost of the petitioner.

Rule to open judgment. C. P. Dauphin Co., Sept. T., 1921, No. 529; Execution Docket, Sept. T., 1921, No. 61.

*Rosenberg & Rosenberg*, for rule.

*George Kunkel* and *Maurice R. Metzger*, contra.

Fox, J., May 8, 1922.—In the above stated case, on Aug. 10, 1921, the defendant gave to the Harris Motor Company a note under seal in the amount of $279.25, payable ninety days after date, to the order of the Harris Motor Company, in which note he authorized an entry of judgment. The note was endorsed by the Harris Motor Company to the order of the Kentucky Wagon Manufacturing Company, and later judgment was entered of record in the name of the Harris Motor Company, for the use of the Kentucky Wagon Manufacturing Company, and execution thereon was issued to the above numbers, respectively.

On Dec. 15, 1921, the defendant presented his petition for a rule to show cause why judgment should not be opened and the defendant let into a defence,

2 D. & C.

and on March 7th an answer thereto, which was responsive to the averments of the petition, was filed. No depositions were taken.

The petitioner contends (1) that the note being non-negotiable, it did not pass by the endorsement to the use-plaintiff, and that an execution could not be issued thereon by the use-plaintiff; (2) that "he has a just, true and legal defence to the said judgment note as to the Harris Motor Company, inasmuch as the said Harris Motor Company did not comply with the agreement entered into between the said Harris Motor Company and the defendant, Dan T. Platkin."

With respect to the first reason, there is no allegation here that the use-plaintiff did not give a valuable consideration to the Harris Motor Company for the note. The note, after being endorsed, was delivered by the latter to the use-plaintiff. The endorsement is in form an order to pay and is not under seal, but it amounts to an equitable assignment. There is no statutory mode of assigning judgments. A judgment has the equitable qualities of a chose in action, and it has been held in many jurisdictions that it may be delivered by parol or in writing: 30 American Digest (Century Ed.), 2697. The presumption is that the use-plaintiff gave value to the Harris Motor Company for the note upon its delivery, and the note was intended to be assigned by the payee to the use-plaintiff, and it should have been assigned with the proper formality. In the case of Tilden v. Evans, 3 Phila. 124, Hare, J., said: "In equity, what ought to be done is considered as if it were done, and the equitable owner of a judgment may always treat it at this state as his own." The note being non-negotiable in form, under common law principles, action thereon had to be brought in the name of the original payee, to the use of the equitable plaintiff. The rule is stated in 3 Troubat & Haly's Practice (6th ed.), 2034. If so brought, even though the use of the name of the legal plaintiff may not have been authorized, advantage thereof cannot be taken by a defendant as a defence to execution where the legal plaintiff has not objected to the use of his name and has made no application to the court to prevent its unauthorized use: Saeger, to use of Schantz, v. Runk, 148 Pa. 77. There is no averment that the legal plaintiff objects to the use of his name in this case. In the case of American Manuf. Co. v. Morgan Smith Co., 25 Pa. Superior Ct. 176, the court said: "The objections relative to the assignment of the claim to the use-plaintiff are without foundation. It is unnecessary to show, in the declaration, the title of an equitable plaintiff, or to indicate his interest otherwise than by marking the suit to his use. The right to recover is founded on the claim of the legal plaintiff, and whether this right remains in him or has passed to an assignee is immaterial. The cause is to be tried without relation to an equitable plaintiff, unless an issue is to be raised between such plaintiff and the defendant." In the case of Sentinel Printing Co. v. Long, 28 Pa. Superior Ct. 608, the court said: "Upon the facts of the case, the right of the legal plaintiff to the money which the appellant received on the cancellation of policies cannot be doubted. Whether this right has passed by assignment to the equitable plaintiff is a question that in no way concerns the defendant. A verdict and judgment against him, as the record stands, form a bar to any further action against him on the claim." See, also, Kamber v. Becker, 27 Pa. Superior Ct. 266, and Metal Products Co. v. Levine, 1 D. & C. 271.

With respect to the second reason, the petitioner, the defendant, has not shown either in his petition or by depositions what his defence to the judgment is. He states that the Harris Motor Company did not comply with the agreement entered into between the Harris Motor Company and the defend-

Harris Motor Company, to use, etc., *v.* Platkin.

ant, but he fails to state what the agreement was or wherein the legal plaintiff failed. This is insufficient; it is requisite to set forth in full both of these matters. In the answer it is denied that the defendant has a just, true and legal defence to the judgment note as to the Harris Motor Company. The answer is responsive to the averments of the defendant's petition. It denies all of the material allegations therein. The general rule on this subject is laid down by Chief Justice Paxson in the case of Jenkintown National Bank's Appeal, 124 Pa. 337, where he said the following: "The judge to whom the application is made acts as a chancellor, and, upon appeal, this court will only see that his discretion has been properly exercised. It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than an oath against oath is a familiar rule in chancery practice."

In the case of Rebecchi *v.* Clark, 73 Pa. Superior Ct. 596, it was held: "In an application to open a judgment and set aside a verdict, the court did not err in dismissing the petition where a responsive answer was filed to the averments of the petitioner, to which no reply was made and where no testimony was produced to refute the allegations of the answer."

We are of the opinion that there is nothing in either of the reasons set forth which entitles the petitioner to have the judgment opened and that he be let into a defence.

Wherefore, the rule is discharged and the petition dismissed, at the cost of the petitioner.          From William Jenkins Wilcox, Harrisburg, Pa.